# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00402-CV

---

### In re Amador Pina, Jr.

---

### FROM THE 159TH DISTRICT COURT OF ANGELINA COUNTY
### NO. 2022-0678, THE HONORABLE TODD KASSAW, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Relator Amador Pina, Jr., an inmate in the Texas Department of Criminal Justice, has filed an original application for writ of habeas corpus challenging the stacking of his sentences in convictions from Angelina County, Texas, in trial court cause number 2022-0678.[1]

As an intermediate appellate court, we may issue writs of habeas corpus against a district judge or county court sitting in our district, or to enforce our jurisdiction. *See* Tex. Gov't Code 22.221. We lack jurisdiction to issue the requested writ against the 159th District Court of Angelina County because this Court neither has jurisdiction over the district courts of Angelina County, nor is such a writ necessary to enforce this Court's appellate jurisdiction. *See id.*

---

[1] Although Pina gives the cause number 2022-0578, we judicially notice that he was not the defendant in that case. *See* Tex. R. Evid. 201(b)(2) (authorizing courts to take judicial notice of adjudicative facts from sources whose accuracy cannot reasonably be questioned); *Emerson v. State*, 880 S.W.2d 759, 765 (Tex. Crim. App. 1994). Rather, from the description in his notice of appeal, we understand him to refer to cause number 2022-0678. *See* Register of Actions in Cause Number 2022-0678, available at http://public.angelinacounty.net/CaseDetail.aspx?CaseID=1069296 (last accessed June 11, 2025).

§ 22.221(a), (b)(1); *compare id.* § 22.201(d) (listing counties in Third Court's district), *with id.* § 22.201(m) (including Angelina County in list of counties in Twelfth Court of Appeals District).

Furthermore, this Court does not have original habeas-corpus jurisdiction in criminal cases. *See* Tex. Const. art. V, § 6 (providing that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); Tex. Gov't Code § 22.221(d) (limiting original habeas-corpus jurisdiction of courts of appeals to situations where relator's liberty is restrained by virtue of order, process, or commitment issued by court or judge in civil case); *see also* Tex. Code Crim. Proc. art. 11.05 (vesting "power to issue the writ of habeas corpus" in "[t]he Court of Criminal Appeals, the District Courts, the County Courts, or any Judge of said Courts"). As an intermediate appellate court, our habeas-corpus jurisdiction in criminal matters is appellate only. *See* Tex. Gov't Code § 22.221(d); *see also In re Wilkins*, No. 03-20-00381-CV, 2020 WL 5608486, at *1 (Tex. App.—Austin Sept. 17, 2020, orig. proceeding) (mem. op.).

Accordingly, we dismiss the application for want of jurisdiction.

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Dismissed for Want of Jurisdiction

Filed: June 12, 2025

Do Not Publish